CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

11/13/2025

LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **SHERON CRAWFORD, Executor** ) <br> **Of the Estate of Roger Barrett Martin,** ) <br> **Deceased,** ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **ARCH INSURANCE COMPANY,** ) <br> **Serve: Corporation Service Company,** ) <br>     **Registered Agent** ) <br>     **100 Shockoe Slip, Floor 2** ) <br>     **Richmond, Virginia 23219** ) <br> ) <br>     **Defendant.** ) | Case No. 5:25cv00123 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Sheron Crawford, as Executor of the Estate of Roger Barrett Martin, deceased, by counsel, files this complaint for declaratory judgment pursuant to 28 U.S.C. § 2201 against defendant Arch Insurance Company, and in support thereof states as follows:

### Introduction

1. On October 21, 2024, plaintiff's decedent, Roger Barrett Martin, was killed when Dawn Mongold, with reckless indifference to the injuries and death likely to result from her unreasonably dangerous and willfully and wantonly negligent driving, crashed her 2008 Dodge Caliber into the side of Mr. Martin's 2000 Kenworth T600 tractor while Mr. Martin was properly traveling in the left lane of Interstate 66 westbound at mile marker 6 in Warren County, Virginia (the "subject crash").

2. At the time of the subject crash, Mr. Martin was operating the tractor and pulling a flatbed trailer on behalf and for the benefit of Lawrence Transportation Systems, Inc. ("Lawrence"), a "motor carrier" as defined by 49 C.F.R. § 390.5. The United States Department of Transportation ("U.S. DOT") registration number for Lawrence is 84337.

3. The tractor was owned by Littleshack Transportation LLC, a Virginia limited liability company of which Mr. Martin was the sole member.

4. Lawrence owned the flatbed trailer Mr. Martin was pulling at the time of the subject crash.

5. On the date of the subject crash, Mr. Martin picked up the already-loaded flatbed trailer at Lawrence's Roanoke, Virginia location and hauled the loaded trailer to Dulles International Airport. Mr. Martin delivered the load he was carrying on Lawrence's flatbed trailer at Dulles International Airport; and on Lawrence's behalf and for its benefit was returning Lawrence's flatbed trailer to Lawrence's Roanoke location where he had picked it up that morning when he was killed in the subject crash.

6. Mr. Martin is survived by his wife and son.

7. At the time of the subject crash, Lawrence held an insurance policy issued by defendant Arch Insurance Company, with Policy No. 11CAB1009806 (the "Arch policy"). The Arch policy declarations page is attached as Exhibit 1.

8. Plaintiff has made a claim for underinsured motorist benefits under the Arch policy in connection with Mr. Martin's wrongful death in the crash. Defendant has denied that claim, asserting, contrary to controlling Virginia law, that there is no underinsured motorist coverage available under the Arch policy for such claim.

9. A case of actual controversy within the jurisdiction of this Court exists between the parties, including as to whether the Arch policy affords underinsured motorist coverage for the wrongful death of Mr. Martin and, if so, in what amount.

10. This declaratory judgment action is brought for declarations:

    a. that the Arch policy's underinsured motorist benefits apply to Mr. Martin's wrongful death;

LICHTENSTEIN LAW GROUP PLC
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

b. that the amount of underinsured motorist benefits provided by the Arch policy applicable to the subject crash is equal to the amount of the policy's liability coverage, namely $2,000,000; and

c. that defendant will be obligated to pay underinsured motorist benefits in the amount by which any wrongful death judgment that plaintiff obtains against Dawn Mongold exceeds the total liability coverage of $25,000.00 available under Mongold's GEICO auto insurance policy up to and including the limit of underinsured motorist benefits provided by the Arch policy, namely $2,000,000.

### Parties

11. Plaintiff is a resident of Roanoke County, Virginia, and is the duly qualified Executor of the Estate of Roger Barrett Martin. A copy of her Certificate/Letter of Qualification as Executor, issued on December 18, 2024, is attached as Exhibit 2.

12. Defendant is a Missouri corporation with its principal place of business in New Jersey and is authorized to transact business in the Commonwealth of Virginia.

### Jurisdiction and Venue

13. The Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 1332. There exists complete diversity between the parties, and the amount in controversy exceeds $75,000.

14. The Court has personal jurisdiction over defendant. Virginia's long-arm statute, Va. Code § 8.01-328.1, authorizes the Court to exercise jurisdiction over defendant because defendant transacts business in Virginia and contracted to insure Lawrence and Mr. Martin in Virginia under the Arch policy. Further, the exercise of this jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.

LICHTENSTEIN LAW GROUP PLC
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

15. Venue is proper in the United States District Court for the Western District of Virginia because a substantial part of the events giving rise to the claim, namely the subject crash, occurred in Warren County, Virginia, which is located within the Western District of Virginia, Harrisonburg Division.

**Factual Background**

16. At the time of the subject crash, Ms. Mongold was merging onto Interstate 66 westbound from Winchester Road in Warren County, Virginia at a high rate of speed.

17. As Ms. Mongold careened onto Interstate 66, she drove her 2008 Dodge Caliber across all lanes of travel and crashed her vehicle into the passenger side of Mr. Martin's tractor, which was traveling in the left lane of Interstate 66 westbound. This crash occurred on the bridge over Winchester Road on Interstate 66, and the force of the impact of Ms. Mongold's vehicle against the right front side of Mr. Martin's tractor-trailer caused the tractor and Lawrence-owned flatbed trailer to turn sharply to the right, crash through the safety barrier on the right side of the highway in a fiery explosion, and plummet off the bridge down onto Winchester Road below.

18. Mr. Martin was a beloved husband and father who is survived by his wife, Sheron Crawford, the plaintiff in this action, and his son, Zachary Martin, who collectively are his statutory wrongful death beneficiaries under Virginia law.

19. At the time of the subject crash, Ms. Mongold was insured by a personal auto policy issued by GEICO Choice Insurance Company, Policy No. 4486-07-71-10, with a per person liability limit of $25,000. Upon information and belief, there is no other applicable liability insurance, and thus the total amount of liability coverage applicable to the operation and use of Ms. Mongold's vehicle and available for payment with respect to Mr. Martin's wrongful death is understood to be $25,000.

LICHTENSTEIN LAW GROUP PLC
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

20. At the time of the subject crash, Mr. Martin was operating the Kenmore tractor and pulling the Lawrence-owned flatbed trailer on behalf and for the benefit of Lawrence.

21. The Arch policy provided liability coverage to "any 'auto'" up to $2,000,000.

22. While the Arch policy provided uninsured and underinsured motorist benefits, it limited such benefits to "*owned* 'autos' subject to a compulsory uninsured motorist law." *See* Exhibit 1, at 3 (emphasis added). The Arch policy purports to limit the amount of uninsured/underinsured motorist benefits to $80,000.

23. The Lawrence-owned flatbed trailer that Mr. Martin was pulling at the time of the subject crash qualifies as an "owned auto" under the Arch policy. Nevertheless, defendant denied that it has any obligation to pay underinsurance benefits.

24. The Arch policy purports to limit the underinsurance benefits available under the policy to $80,000, contrary to Virginia law.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment in her favor declaring:

A. that the Arch policy's underinsured motorist benefits are applicable to the wrongful death of Mr. Martin because Mr. Martin was pulling a Lawrence-owned flatbed trailer at the time of the crash;

B. that the UM/UIM limit of the Arch policy applicable to Mr. Martin's wrongful death is the amount of its limit of liability coverage, namely $2,000,000;

C. that defendant will be obligated to pay underinsured motorist benefits in the amount by which any wrongful death judgment that plaintiff obtains against Dawn Mongold exceeds the total liability coverage of $25,000 available under Ms. Mongold's GEICO auto

LICHTENSTEIN LAW GROUP PLC
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

insurance policy up to and including the limit of underinsured motorist benefits provided by the Arch policy, namely $2,000,000; and

   D. Such other relief as is just.

Respectfully submitted,

**SHERON CRAWFORD,
EXECUTOR OF THE ESTATE OF
ROGER BARRETT MARTIN,
DECEASED**

By: _/s/ Jacob B. Lichtenstein_
     Counsel

John E. Lichtenstein (VSB #27048)
Gregory L. Lyons (VSB #24037)
Jacob B. Lichtenstein (VSB #100000)
Lichtenstein Law Group PLC
347 Highland Avenue, SW (24016)
P.O. Box 601
Roanoke, Virginia 24004-0601
Tel: (540) 343-9711
Fax: (540) 343-9713
John.Lichtenstein@lichtensteinlawgroup.com
Greg.Lyons@lichtensteinlawgroup.com
Jake.Lichtenstein@lichtensteinlawgroup.com
  *Counsel for Plaintiff*

LICHTENSTEIN
LAW GROUP PLC
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

Page **6** of **6**